EDGAR A. HELLMAN et al.

*v.*

PENNSYLVANIA ELECTRIC VEHICLE COMPANY et al.

[Submitted August 30th, 1907. Decided September 17th, 1907.]

1. Preferred stock is not entitled to a preference in the distribution of the surplus assets of the corporation on its dissolution, in the absence of a provision to the contrary in the statutes or in the contract under which the preferred stock was issued.

2. Under revised Corporation act of 1896 (*P. L. 1896 pp. 280, 283, 304 ch. 185 §§ 8, 18, 86*), requiring the certificate of incorporation to describe the different classes of stock, authorizing corporations to create different kinds of stock with preferences, and declaring that in the distribution of the assets of a corporation the surplus funds, after payment of the creditors and the preferred stockholders, may be divided among the general stockholders, when considered in connection with the history of legislation on the subject as embodied in revised Corporation act of 1875 (*Rev. Stat. 1875 pp. 10, 29 §§ 25, 80*), and the judicial interpretation of such act, a certificate of incorporation which gives to the holders of the preferred stock a yearly dividend before any dividend shall be set apart on common stock creates a preference in favor of the preferred stock in the assets on a dissolution of the corporation.

3. Where preferred stockholders are entitled to a preference in the distribution of the assets of the corporation on its dissolution, the act of the directors, as statutory trustees under proceedings of voluntary dissolution in reducing the par value of the preferred stock to the amount actually paid in thereon, is not unlawful, justifying the appointment of a receiver, for if the stock were held at its original value, and the holders were required to pay in the unpaid amount of their subscription, the money so paid would necessarily be repaid to the same persons.

On bill for receiver.

*Mr. George J. Bergen,* for the complainant.

*Mr. Martin V. Bergen, Jr.,* for the defendant company.

*Mr. Sherrerd Depue,* for William H. Page, defendant.

*Mr. Morris Wolf,* for P. B. Reed, defendant.

*Mr. Edgar J. Kohler,* for Frank A. Barnett, defendant.

LEAMING, V. C.

The affairs of defendant corporation are being settled by its board of directors, as statutory trustees, under proceedings of voluntary dissolution. The bill in this case seeks the appointment of a receiver to supersede the trustees in winding up the corporate affairs. The assets of the company being ample to pay its debts no rights of creditors are involved. The present controversy arises through a claim upon the part of the common stockholders that the preferred stockholders are preferred only as

to the payment of dividends and are not to be preferred in the distribution of the assets. This claim is based upon the fact that neither the amended certificate of incorporation, which provides for the issuance of preferred stock, nor the certificates of preferred stock, as issued, state that the preferred stock is to have a preference in the distribution of assets at dissolution. The provision in the amended certificate of incorporation is as follows:

"Holders of the preferred stock of this company to receive, and the company to pay, a fixed yearly dividend of six per cent. (6 %) before any dividend shall be set apart on the common stock."

I am unable to reach the conclusion contended for by complainant. It appears to be well settled that preferred stock is not entitled to a preference over common stock in the distribution of the surplus assets of a corporation at its dissolution in the absence of any provision to the contrary in the statute or in the contract under which the preferred stock was issued, and that the language above quoted from the certificate of incorporation, standing alone, would be held to create a preference in the payment of dividends only. *1 Morawetz Priv. Corp.* § *461; 1 Cook Corp.* § *273; 26 Am. & Eng. Encycl. L. (2d ed.) 834.* But I think that the language above quoted from the certificate of incorporation must be regarded as having been used and understood by the contracting parties in the light of a long existing legislative declaration of the rights of holders of preferred stock, and when so regarded I am convinced that the language used must be held to have been intended to confer upon preferred stockholders a preference over common stockholders in the distribution of surplus assets at dissolution. The legislative declaration of the rights of preferred stockholders, to which I allude, is first found in section 80 of the revised Corporation act of 1875. *Gen. Stat. p. 923.* That section provided that in the final distribution of the assets of a corporation the surplus funds,

"after the payment of the creditors and the costs and expenses as aforesaid, and the preferred stockholders, may be divided and paid to the general stockholders proportionately, according to their respective shares."

In the year 1880, Vice-Chancellor Van Fleet, in *McGregor* v.
*Home Insurance Co., 33 N. J. Eq. (6 Stew.) 181,* in determin-
ing the rights of preferred stockholders at the dissolution of a
corporation, where the express contract touching the issuance of
the stock provided for a preference as to dividends and was silent
as to preference in the distribution of assets at dissolution,
recognized the general rule that such a stipulation, standing
alone, would be held to relate only to the rights of the stock-
holders in the corporation as a going concern, but construed the
section of the statute above referred to as a legislative declara-
tion of the rights of preferred stockholders where no contrary
provision could be found in the law or in the contract under
which the preferred stock was issued. Section 25 of the act of
1875 provided that the corporation should have power to issue
general and preferred stock, but contained no provision contem-
plating a statement in the certificate of incorporation touching
the rights of holders of the several kinds of stock. The revised
Corporation act of 1896, under which the corporation now in
question was incorporated (*P. L. 1896 p. 277*) re-enacts section
80 of the act of 1875 in substantially the same language, retain-
ing the provision touching distribution of assets to preferred
stockholders at dissolution in preference to general stockholders.
*P. L. 1896 p. 304 § 86.* Section 18 page 283 of the act of 1896
provides that

"every corporation shall have power to create two or more kinds of
stock of such classes, with such designations, preferences and voting
powers or restrictions or qualifications thereof as shall be stated and
expressed in the certificate of incorporation."

Section 8 requires that the certificate of incorporation shall set
forth, among other things,

"a description of the different classes of stock, if there be more than one
class created by the certificate, with the terms on which preferred shares
are created."

It will thus be seen that the act of 1896, while re-asserting the
old declaration that the holders of preferred stock shall partici-
pate in the distribution of surplus assets at dissolution in prefer-
ence to the holders of common stock, at the same time adopts

provisions to enable a corporation to create preferred stock the holders of which shall not be so privileged. In view of the fact that the effect of the language used in section 80 of the act of 1875 had been regarded in this state for so many years, under unquestioned judicial construction, as a legislative declaration that the stipulation for preferment as to dividends would, in the absence of contrary stipulations or law, be treated as sufficient to effect a preferment as to assets at dissolution, I think that the re-enactment of the same language in section 86 of the act of 1896, in connection with other provisions enabling a corporation to specifically define, in its certificate of incorporation, the extent of preferments of various classes of stock must be held to be a continuation of the same legislative declaration in all cases where a contrary rule of preference is not specifically and clearly stipulated. In the *McGregor Case* the express contract of preferment was as to dividends only. In the present case the preferment defined by the certificate of incorporation is in the substance the same. I think that the contracting parties in the present case, in view of the provisions of section 86 of the act of 1896, and the prior legislation and its judicial construction, were entitled to regard the language of the certificate of incorporation touching preferment as sufficient to effect a preferment in distribution of surplus capital at the dissolution of the corporation.

This view disposes of the other questions raised. It was urged that there has been an unlawful reduction of the par value of the preferred stock, and that with this unlawful action set aside the holders of the preferred stock will be subject to further calls on their subscriptions. These considerations were urged as reasons for the removal of the present statutory trustees whose personal interests are opposed to these contentions. It is manifest, however, that if the preferred stockholders are entitled to preference in the distribution of assets it is entirely purposeless to adjudge their stock to be of the par value at which it was originally established and to then require payment by them of the amount of the increase, for the money so paid would necessarily be repaid to the same parties.

I am unable to find any sufficient reason for the appointment of a receiver.